UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LYNN ELIZABETH BARRY,

                           Plaintiff,

                                                    Case # 13-CV-6465-FPG

v.

                                                    DECISION & ORDER

YATES COUNTY SHERIFF RONALD SPIKE,
YATES COUNTY INVESTIGATOR MICHAEL
CHRISTENSEN, YATES COUNTY LIEUTENANT
SOTIR, YATES COUNTY DEPUTY DARRYL JONES,
YATES COUNTY SHERIFF'S EMPLOYEES
KERRY BRENNAN, SANDI SIWAK, JOHN
GLEASON, AND JANE LAMPHIER,

                           Defendants.

_____

## INTRODUCTION

*Pro se* Plaintiff Lynn Elizabeth Barry commenced this civil rights action pursuant to Title

42, United States Code, Section 1983, alleging that the named Defendants – employees of the

Yates County Sheriff's Office – disseminated Plaintiff's personal medical information, and

subjected her to what she alleges was a "false prosecution." Dkt. # 6. The Defendants have

moved to dismiss this action on the grounds that the applicable statute of limitations has expired.

Dkt. # 8. Although Plaintiff was given ample time to respond to the motion, she has not

responded in any fashion, nor has she requested additional time to do so. Because the Complaint

demonstrates that this action is indeed untimely, the Defendants' motion is granted, and this

action is dismissed with prejudice.

## DISCUSSION

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

defendant must show that the complaint contains insufficient facts to state a claim for relief that

is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is plausible when a plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Although the statute of limitations is an affirmative defense on which the defendant bears the burden of proof, courts may dismiss a case on statute of limitations grounds under Rule 12(b)(6) if the complaint, on its face, "clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

"The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993). When that state has multiple limitations periods for different personal injury claims, federal courts should apply the "general or residual" limitations period. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). The residual limitations period in New York State is three years. N.Y.C.P.L.R. § 214(5); *see also Pearl*, 296 F.3d at 80. Federal law governs the accrual date for claims under § 1983, and accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl*, 296 F.3d at 80 (citation omitted).

In her Complaint, Plaintiff alleges that her cause of action against the Defendants arose on October 30, 2009, or at the very latest, August 23, 2010. Giving Plaintiff the benefit of the doubt and applying the later date, the statute of limitations for her claims began to run the next day, on August 24, 2010, and expired three years later, on August 24, 2013. Plaintiff's Complaint was filed on August 30, 2013, or approximately a week too late. Accordingly, her claims against the Defendants are untimely on their face, and must be dismissed.

CONCLUSION

Because the statute of limitations expired prior to the commencement of this action, Defendants' Motion to Dismiss (Dkt. # 8) is GRANTED, and this case is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: October 23, 2014
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge